**BROWN v. ROYALL, Secretary of the Army et al.**

**Civil Action No. 4893–47.**

United States District Court
District of Columbia.

Jan. 17, 1949.

P. Bateman Ennis, of Washington, D. C., for plaintiff.

George Morris Fay, U. S. Atty., and Ross O'Donoghue, Asst. U. S. Atty., both of Washington, D. C., for defendants.

MORRIS, District Judge.

The plaintiff filed his amended complaint in this case, alleging that he was formerly an officer in the Corps of Military Police, Army of the United States; that, under circumstances stated in the complaint, he was tried and found guilty by a General Court Martial of certain offenses with which he was charged, and as a result he was dismissed from the service and required to serve a period of imprisonment which has expired. He claims that the General Court Martial before which he was tried and convicted had no jurisdiction in that, after he was given "terminal leave," he was recalled to active duty for the purpose of being tried by said General Court Martial, and further that the provisions of the Articles of War, 10 U.S.C.A. § 1472 et seq., prescribing the procedure in such cases required that a fair and impartial preliminary investigation be had before such charges were referred to a General Court Martial for trial, which he alleges was not had in his case. The relief sought by him is a declaration that said General Court Martial was without jurisdiction and the orders entered pursuant to his conviction were null and void. He further seeks to set aside said orders and a direction to the defendant Adjutant General to reform and correct all records accordingly, and that said Adjutant General be required to issue a "WD AGO Form 53—98." He further seeks such injunctive or other relief as may be necessary to enforce said judgment. To this amended complaint, the defendants filed a motion to dismiss upon the ground that no cause of action upon which the relief sought may be based is stated. A hearing was had upon said motion, and memoranda have been submitted by the respective parties.

The plaintiff insists that the alleged lack of jurisdiction by the General Court Martial before which he was tried and convicted constitutes a deprivation of his constitutional rights of due process, Const.Amend. 5, and that he is entitled to the relief sought by virtue of the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, and further by reason of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. With this contention, I cannot agree. It has long been recognized that the civil courts may, incidental to their right to inquire into the legality of restraint of the person, determine in habeas corpus proceedings the validity of the actions by which the liberty of a petitioner is restrained, even where such restraint is by virtue of the action of a court martial. There is

768

little doubt that, where a civil court has jurisdiction to determine whether or not a plaintiff is entitled to pay from the United States Government which is withheld by virtue of the action of a court martial, the civil courts may inquire into the validity of such action upon which the withholding is based. But, in no instance, so far as the authorities submitted, or any which I have been able to discover, disclose, has a civil court undertaken to pass upon and determine the validity of a court martial in a proceedings for a declaratory judgment, or to order and direct the officials of the War Department to alter its records, or issue new ones pursuant to the court's judgment with respect to such court martial action. I believe that the principle which controls here is expressly stated by the Supreme Court in the case of Wales v. Whitney, Secretary of the Navy (decided May 4, 1885), 114 U.S. 564, 5 S.Ct. 1050, 1052, 29 L.Ed. 277, as follows:

"But neither the supreme court of the district [now United States District Court for the District of Columbia] nor this court has any appellate jurisdiction over the naval court-martial, nor over offenses which such a court has power to try. Neither of these courts is authorized to interfere with it in the performance of its duty, by way of a writ of prohibition or any order of that nature. The civil courts can relieve a person from imprisonment under order of such court only by writ of habeas corpus, and then only when it is made apparent that it proceeds without jurisdiction. If there is no restraint, there is no right in the civil court to interfere. Its power, then, extends no further than to release the prisoner. It cannot remit a fine, or restore to an office, or reverse the judgment of the military court. Whatever effect the decision of the court may have on the proceedings, orders, or judgments of the military court, is incidental to the order releasing the prisoner. Of course, if there is no prisoner to release, if there is no custody to be discharged, if there is no such restraint as requires relief, then the civil court has no power to interfere with the military court, or other tribunal over which it has by law no appellate jurisdiction."

I do not understand that the provision of law authorizing a declaratory judgment was intended to give to the court jurisdiction over courts martial proceedings, which it did not theretofore have. The argument of the plaintiff that some right to the relief sought is afforded by the Administrative Act is wholly without merit. In a supporting memorandum filed on behalf of the plaintiff, the definition of the term "agency," as used in that Act, is partially stated. What is omitted, however, is that part of the same section which reads as follows:

"Except as to the requirements of section 1002 of this title [not relevant here], there shall be excluded from the operation of this chapter * * * (2) courts martial and military commissions, (3) military or naval authority exercised in the field in time of war or in occupied territory, * * *" 5 U.S.C.A. § 1001(a).

The motion to dismiss the amended complaint will be granted.