**GOLDSTEIN v. JOHNSON, Secretary of Defense.**
No. 10458.

United States Court of Appeals. District of Columbia Circuit.

Argued May 9, 1950.

Decided July 3, 1950.

Writ of Certiorari Denied Nov. 6, 1950.
See 71 S.Ct. 116.

Mr. Hans Goldstein, pro se, for appellant..

Mr. Joseph F. Goetten, Asst. U. S. Atty.,. with whom Messrs. George Morris Fay, U. S. Atty., Joseph M. Howard, and Ross. O'Donoghue, Asst. U. S. Attys., were on. the brief for appellee. ·

Before CLARK, BAZELON, and: WASHINGTON, Circuit Judges.

PER CURIAM.

Appellant filed in the District Court a. pleading entitled "Complaint for Declaratory Judgment and Mandatory Injunction." He sought to have the court declare null and void a court-martial proceeding in. which he had been found guilty of fraudulent enlistment in the Army and as a result of which he was dishonorably discharged. He alleged that the court-martial proceeding and its subsequent review were part of a fraudulent conspiracy to cover up administrative errors. He also alleged that he was deprived of the right to civilian counsel of his own choice (Article of War 17, 10. U.S.C.A. § 1488) and that he was denied an. opportunity to introduce certain evidence in. his own behalf because the court-martial. tribunal wrongfully refused to grant a continuance. In addition to his request that the court-martial proceeding be set aside,. appellant asked that he be reinstated in the Army and promoted retroactively; that: he be given pay and allowances accordingly; that a commission as an officer, which. he alleges was promised and to which he. alleges he was entitled, be awarded him;. and that he be given such status as would¹ result in his receiving a pardon for the.

crime to which he had pleaded guilty prior to his enlistment in the Army.

The District Court dismissed the case for lack of jurisdiction over the subject matter and because the complaint failed to state a cause of action upon which relief may be granted.

 Assuming all the allegations of the complaint to be true, as we must at this stage, we must nevertheless conclude that appellant is seeking relief of a kind which the District Court is without jurisdiction to grant. Congress has provided that court-martial sentences and dismissals or discharges executed pursuant to such sentences upon "approval, review, or confirmation as required by the Articles of War, shall be final and conclusive * * * and all action taken pursuant to such proceedings shall be binding upon all * * * courts * * * of the United States * * *." 10 U.S.C.A. § 1521.[1] While it is well established that the writ of habeas corpus is not suspended by such a provision, it is equally well settled that in the absence of physical confinement the courts cannot interfere with nor in any way review court-martial proceedings. The power of the courts extends "no further than to release the prisoner. It cannot remit a fine, or restore to an office, or reverse the judgment of the military court. Whatever effect the decision of the court may have on the proceedings, orders, or judgments of the military court, is incidental to the order releasing the prisoner. Of course, if there is no prisoner to release, if there is no custody to be discharged, if there is no such restraint as requires relief, then the civil court has no power to interfere with the military court, or other tribunal over which it has by law no appellate jurisdiction." Wales v. Whit-

ney, 114 U.S. 564, 570, 5 S.Ct. 1050, 1053, 29 L.Ed. 277. See, also Brown v. Royall, D. C., 81 F.Supp. 767, affirmed U.S.App.D.C., decided October 13, 1949, certiorari denied 339 U.S. 952, 70 S.Ct. 840. As appellant is not in confinement, we do not come to the question of the possible effect in a habeas corpus case of allegations of the kind here made. Cf. Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Schita v. King, 8 Cir., 133 F.2d 283. The Declaratory Judgment Act[2] does not aid the appellant, because that Act does not operate to enlarge the jurisdiction of the District Courts; it is available only where jurisdiction already exists. Skelly Oil Co. v. Phillips Petroleum Co., 70 S.Ct. 876; Putnam v. Ickes, 64 App.D.C. 339, 342, 78 F.2d 223, certiorari denied 296 U.S. 612, 56 S.Ct. 132, 80 L.Ed. 434. And it may be noted that the Administrative Procedure Act is specifically made inapplicable to court-martial proceedings.[3]

One possible avenue for appellant would be application to the Judge Advocate General for a new trial.[4] It would appear that appellant has not exhausted his possible remedies in this direction. And it has recently been held that exhaustion of this administrative remedy is mandatory, even in a case where the person aggrieved is in confinement and seeks habeas corpus. Hunter v. Beets, 10 Cir., 180 F.2d 101, certiorari denied 70 S.Ct. 997.

The traditional method of obtaining relief in cases of this kind was, formerly, to procure the passage of a private bill by the Congress. The Legislative Reorganization Act closed this door, in order to relieve the Congress of the difficulties and burdens so imposed, but at the same time authorized

---

1. Compare Uniform Code of Military Justice, Art. 76, Act of May 5, 1950, Public Law 506, 81st Cong., 2d sess., Art. 76, 64 Stat. 132, 50 U.S.C.A. § 663, as affected by § 5 of the act, 50 U.S.C.A. note preceding § 551.

2. Act of March 3, 1911, c. 231, § 247d, as amended, 28 U.S.C.A. § 2201.

3. Act of June 11, 1946, c. 324, § 2(a), 60 Stat. 237, as amended, 5 U.S.C.A. § 1001 (a).

4. See Article of War 53, as amended, Act of June 24, 1948, c. 625, Title II, § 230, 62 Stat. 639, 10 U.S.C.A. § 1525; also Act of May 5, 1950, Public Law 506, 81st Cong., 2d sess., § 12, 64 Stat. 147, 50 U.S.C.A. § 740, as made effective by § 5 of the act. Compare Manual for Courts-Martial, U. S. Army, 1949, c. XXII.

344

the Secretaries of the various armed services, acting through boards of correction and review, to correct service records where an injustice has been done.[5] While such correction probably would not affect the validity of the court-martial (40 Op. A. G. 504), it is one mode of relief which may be available to appellant.[6]

We think the District Court correct in its determination that it was without jurisdiction and its judgment is

Affirmed.

5. Act of August 2, 1946, c. 753, Title II, § 207, 60 Stat. 837, as amended, 5 U.S. C.A. § 191a.

6. Compare Uniform Code of Military Justice, Art. 74, Public Law 506, supra, 50 U.S.C.A. § 661; also §§ 4, 5 of Public Law 506, supra, 50 U.S.C.A. § 551 note and note preceding § 551