**296**

Wade Mosby JACKSON, Plaintiff,

v.

Charles E. WILSON, Secretary of
Defense, Defendant.

Civ. A. No. 5158.

United States District Court
District of Columbia.

Jan. 9, 1957.

Walter H. E. Jaeger, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., and Edward P. Troxell, E. Riley Casey and William F. Becker, Asst. U. S. Attys., Washington, D. C., for defendant.

MORRIS, District Judge.

This is an action for a declaratory judgment, and for injunctive relief, to vacate the sentence of a general court-martial. The plaintiff, an officer of the Fourth Marine Regiment, a part of the Third Marine Division, was tried and found guilty of certain charges and specifications, pursuant to which he was sentenced to forfeit $350 per month for twelve months, and to lose 250 unrestricted numbers (which adversely affected the officer's right to promotion). The sentence was approved by the Commanding General, and the record forwarded to the Judge Advocate General of the Navy, pursuant to the provisions of Article 69, Uniform Code of Military Justice. The Office of the Judge Advocate General found the findings and sentence were supported in law. The Judge Advocate General did not, which he had the discretion to do, refer the matter to a Board of Review and, inasmuch as the sentence imposed was not such as to give jurisdiction to the United States Court of Military Appeals, there is no other military tribunal in which the contentions here asserted can be reviewed. The Assistant Secretary of the Navy for Air remitted a part of the fine imposed.

It is claimed by the plaintiff here that General Robert H. Pepper, the Division Commander, originally appointed a court of inquiry to make formal investigation with respect to certain action of the plaintiff, Lieutenant Colonel Jackson, that such board of inquiry recommended the trial of the plaintiff on two charges, violation of Article 93, Uniform Code of

Military Justice, and Article 134 of that Code. A general court-martial was appointed by General Pepper on October 27, 1953, and the plaintiff was placed under arrest. It is further charged that on the same day General Pepper wrote to Colonel Hansen, a subordinate officer directly under his command, recommending that Colonel Hansen swear to and sign certain "more appropriate" charges which were enclosed. Said charges were set forth complete with specifications, and consisted of Articles 92, 93, 98 and 133 of the Uniform Code of Military Justice. On the same day. General Pepper's letter was received, and immediately thereafter, Colonel Hansen returned, duly signed, the additional charges, with endorsement "1. Returned, complied with." It is further charged that, after the return of the new charges to the Division Commander, the latter's Staff Legal Officer, Major Scherr, and Captain Collins, Trial Counsel, advised General Pepper by memorandum that the general court-martial for Lieutenant Colonel Jackson, the plaintiff, should be convened by higher authority, i. e., a superior echelon in the chain of command. General Pepper, it is charged, chose to disregard such advice and proceeded to convene the general court-martial which tried and convicted the plaintiff. It is charged that this was contrary to the controlling regulations in force, making it unlawful for an accuser to convene a general court-martial for the trial of the person so accused.[1]

■■ There is here a definite issue of fact as to whether or not General Pepper was an accuser or a person who has an interest other than an official interest in the prosecution of the accused. It is charged, among other things, that General Pepper had been the victim of the alleged acts of the plaintiff with respect to the alteration of certain records in the court-martial of Charles E. Ingalls, Private, United States Marine Corps, concerning which the charges against the plaintiff were directed.

It is urged on behalf of the defendant that this Court does not have jurisdiction in this case. I fully agree that a civil court does not have jurisdiction to review the actions of a court-martial where the court-martial has jurisdiction of the person and of the offense, and imposes a sentence authorized by law. I have so held in several cases which have been reviewed by our Court of Appeals and the Supreme Court of the United States. But here the contention is that the court-martial which tried and convicted the plaintiff was not lawfully constituted and, therefore, did not have jurisdiction of the person of the plaintiff

1. The Manual for Courts-Martial, United States, 1951, carried into effect by Executive Order 10214, dated February 8, 1951, states:

(3) It is unlawful for an accuser to convene a general court-martial for the trial of the person so accused. When any commander who would normally convene the general court-martial is the accuser in a case, he shall refer the charges to a superior competent authority who will convene the court or designate another competent convening authority to exercise jurisdiction. * * *

(4) An accuser is a person who signs and swears to charges, a person who directs that charges nominally be signed and sworn by another, or any other person who has an interest other than an official interest in the prosecution of the accused (Art. 1(11) ).

(2) The Naval Supplement to the Manual for Courts-Martial, reads:

Section 0314c (2). If the convening authority considers that trial by court-martial is warranted, and in the absence of receipt of appropriate sworn charges, he should prefer charges as the accuser and refer the matter to a superior competent authority * * *.

(3) The Uniform Code of Military Justice, Public Law 506, 81st Congress, c. 169, Sec. 1, 64 Stat. 108, Title 50 U.S.C. A. c. 22, provides:

"Art. 22. Who may convene general courts-martial.

"(a) General courts-martial may be convened by—* * *

"(3) the commanding officer of * * * a division, * * *

"(b) When any such commanding officer is an accuser, the court shall be convened by superior competent authority, and may in any case be convened by such authority when deemed desirable by him."

even though he was a member of the armed forces. Unquestionably this Court has the duty of determining the facts as to whether or not the Court does have jurisdiction, and, as there is a genuine issue as to such jurisdictional facts, I must deny defendant's motion to dismiss and defendant's motion for summary judgment.