**Robert G. GALLAGHER, Appellant,**

**v.**

**Robert E. QUINN, et al., Judges of the United States Court of Military Appeals, et al., Appellees.**

**No. 19764.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 18, 1966.

Decided May 24, 1966.

Certiorari Denied Oct. 10, 1966.

See 87 S.Ct. 167.

302

Mr. Richard A. Baenen, Washington, D. C., for appellant.

Mr. Richard S. Salzman, Attorney, Department of Justice, with whom Asst. Atty. Gen. John W. Douglas, Messrs. David G. Bress, U. S. Atty., and Morton Hollander, Department of Justice, were on the brief for appellees. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellees.

Before FAHY, BURGER and LEVENTHAL, Circuit Judges.

FAHY, Circuit Judge:

The appeal is from an order of the District Court dismissing a complaint for a mandatory injunction, and for other relief, to compel the Judges of the United States Court of Military Appeals to review on the merits the record of appellant's conviction, when a private in the army of robbery in violation of the Uniform Code of Military Justice, 10 U.S.C. § 922. The conviction and sentence were affirmed by a board of review in the Office of the Judge Advocate General of the Army.[1] He petitioned the Court of Military Appeals to review the record. On consideration and reconsideration of his petition the court denied review. United States v. Gallagher, 15 U.S.C.M.A. 391, 35 C.M.R. 363. He contends now in the civil courts that he has been denied equal protection of the laws in violation of the Due Process Clause of the Fifth Amendment because the Court of Military Appeals is required to review all cases in which a sentence, as affirmed by a board of review, affects a general or flag officer, whereas it is not required to review other cases, including his own, unless the sentence is death.

Thus, 10 U.S.C. § 867(b) provides:

(b) The Court of Military Appeals shall review the record in—

(1) all cases in which the sentence, as affirmed by a board of review, affects a general or flag officer or extends to death;

(2) all cases reviewed by a board of review which the Judge Advocate General orders sent to the Court of Military Appeals for review; and

(3) all cases reviewed by a board of review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review.[2]

---

1. The sentence was confinement at hard labor for one year, a bad conduct discharge, forfeiture of pay and allowances, and reduction to the lowest enlisted grade. The Secretary of the Army suspended and later remitted the unserved portion of the sentence, including bad conduct discharge. This followed appellant's restoration to duty at his own request to enable him to "earn an honorable discharge." Appellant thereafter was released from active service as a specialist, 4th class (equivalent to corporal) with an honorable discharge.

2. 10 U.S.C. § 876 provides:
* * * sentences by courts-martial following approval, review, or affirmation as required by [the Uniform Code of Military Justice] are final and conclusive * * * binding upon all departments, courts, agencies, and officers of the United States, subject only to action upon a petition for a new trial

The first problem is whether the District Court had jurisdiction to dispose of the constitutional contention. While jurisdiction of the parties is not questioned, appellees urge that the civil courts are closed to anyone sentenced by a military tribunal except through petition for writ of habeas corpus to test the validity of an existing deprivation of liberty at the hands of such a tribunal.[3]

The cases principally relied upon by appellees are set forth in the margin.[4] None of these cases questioned on constitutional grounds the validity of the Act of Congress under which the court-martial or other military trial was held. They involved alleged errors in the conduct of the trials, the use of habeas corpus as a remedy;[5] and in two instances the creation of the tribunals [6] was one of the matters considered.

Appellant does not challenge the trial itself. He challenges only the constitutional validity of the Act of Congress which denies him review of right by the Court of Military Appeals when such review is accorded to a general or flag officer. In this respect he raises a question which more closely resembles that considered in Ex parte *Quirin*, than in the other cases cited, although the issue in Ex parte, *Quirin* was raised by the time honored method of habeas corpus.[7]

It would seem clear that the District Court in our case could have decided the constitutional question were petitioner in detention under the sentence and were he proceeding by way of habeas corpus. The question is whether the court must disclaim jurisdiction to decide the question because it is raised by one not in confinement but whose case, nevertheless, is alive and presents a "case" or "controversy." None of the cases relied upon by appellees flatly holds that there is no jurisdiction in such a case; and none in which it is stated that in the area of military jurisprudence habeas corpus is the sole available route to challenge the proceeding involves a constitutional challenge to an Act of Congress.

The Constitution vests in Congress the power "To make Rules for the Government and Regulation of the land and naval Forces," U.S.Const. Art. I, § 8, and it is within this power that the Uniform Code of Military Justice, including the review provisions now challenged, resides. Proceedings under this Code are not required to conform with the Due Process Clause of the Fifth Amendment to exactly the same degree as proceedings in civil courts, Burns v. Lovett, *supra* n. 4 aff'd *sub nom.*, Burns v. Wilson, *supra* n. 2. Nevertheless, though greater latitude respecting due process is allowed military tribunals, due

as provided in section 873 of this title (article 73) and to action by the Secretary concerned as provided in section 874 * * * and the authority of the President.

However, in Gusik v. Schilder, 340 U.S. 128, 132, 71 S.Ct. 149, 152, 95 L.Ed. 146, it is held that the language "binding upon all departments, courts, agencies, and officers of the United States," prescribes only "the terminal point for proceedings within the court-martial system," and does not deprive the civil courts of their jurisdiction of courts-martial in habeas corpus proceedings. And see Burns v. Wilson, 346 U.S. 137, 142, 73 S.Ct. 1045, 97 L.Ed. 1508.

3. That the decision of a court-martial is open to collateral attack, other than by a habeas corpus proceeding, see, e. g., Gusik v. Schilder, 340 U.S. at 133 n. 3, 71 S.Ct. 149, 95 L.Ed. 146.

4. Burns v. Wilson, *supra* note 2; Gusik v. Schilder, *supra* note 2; In re Yamashita, 327 U.S. 1, 66 S.Ct. 340, 90 L.Ed. 499; Ex parte Quirin, 317 U.S. 1, 63 S. Ct. 1, 87 L.Ed. 3; Wales v. Whitney, 114 U.S. 564, 5 S.Ct. 1050, 29 L.Ed. 277; Shaw v. United States, 93 U.S.App.D.C. 300, 209 F.2d 811; Burns v. Lovett, 91 U.S.App.D.C. 208, 202 F.2d 335; Goldstein v. Johnson, 87 U.S.App.D.C. 159, 184 F.2d 342, cert. denied, 340 U.S. 879, 71 S.Ct. 116, 95 L.Ed. 639.

5. Wales v. Whitney, *supra* n. 4.

6. In re *Yamashita*, *supra* n. 4 and Ex parte *Quirin*, *supra* n. 4.

7. Habeas corpus is unavailable to appellant since he is no longer in custody. Yet the case is not moot since appellant's conviction stands and part of the sentence imposed upon him remains in effect.

process is requisite. Burns v. Wilson, *supra* n. 2. And the right to due process would be lost if one deprived of it could not obtain redress because not in confinement.

■ The Supreme Court is the final arbiter of due process under the Constitution. The Supreme Court has not been granted jurisdiction to review either on direct appeal or by certiorari a decision of the Court of Military Appeals. The consequence is that unless jurisdiction lies in the District Court in such a case as this, with appellate jurisdiction in this court and then in the Supreme Court, the constitutional validity of the Act of Congress cannot be decided except by the military tribunal. The "separate and apart" military law jurisprudence, referred to in those terms in Burns v. Wilson, *supra* n. 2, at 140, would appear not to be separated so far from possible Supreme Court scrutiny.

■ Assuming as we do that the District Court, on the complaint of one not in confinement, may consider the constitutional validity of the review provisions of the Court of Military Appeals applicable to his case,[8] the "clear conviction" of unconstitutionality, held by the Supreme Court in Ex parte *Quirin*, *supra* n. 4, to be required before a civil court will upset the action of a military tribunal, fails to emerge.

Chief Justice Warren, writing for the Court, recently said:

Equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have relevance to the purpose for which the classification is made.

Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620.

Appellant's petition for review was considered and reconsidered by the Court of Military Appeals prior to its denial. Moreover, petitioner is not without other though partial remedies within the military establishment. See Gusik v. Schilder, *supra* n. 2, and Burns v. Wilson, *supra* n. 4.[9] Though these remedies do not supply the complete answer to his constitutional challenge they do narrow the dimensions of the statutory distinction of which he complains; and the dimensions of the distinction bear upon the due process issue. The distinction is not comparable to the disadvantage imposed upon an indigent because of indigency condemned in Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; and see Douglas v. State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, where the discrimination was also due to indigency.

The limited distinction here in question has a reasonable and relevant justification. As pointed out by the Court of Military Appeals in its exhaustive opinion on the constitutional issue raised by appellant, the President has been charged historically with the responsibility of approving any court-martial sentence involving a general or flag officer before execution of the sentence. This requirement is now embodied in Article 71(a) of the Uniform Code of Military Justice, 10 U.S.C. § 871(a). Appellant does not challenge the validity of this Article. The Continental Congress in enacting the Articles of War on May 31, 1786, provided in Article 2 that no sentence in time of peace or war with

---

8. The complaint in its prayer for general relief may be construed as a request for a declaratory judgment and related relief. 28 U.S.C. §§ 2201–2202. A declaratory judgment has been held available to obtain review of the procedure in a court-martial otherwise final where the defendant is not in custody. Jackson v. Wilson, 147 F.Supp. 296. Cf. Kristensen v. McGrath, 340 U.S. 162, 168–171, 71 S.Ct. 224, 95 L.Ed. 173. As to jurisdiction of the parties, uncontested here,

see, also, D.C.Code § 11–521 (Supp. V, 1966).

9. The administrative remedy provided by 10 U.S.C. § 874 is not alone a satisfactory answer to appellant's problem; for he seeks as of right, on a constitutional ground, review by the Court of Military Appeals of his conviction and sentence. Other remedies available afford no authority to anyone to grant the only relief he seeks in this litigation.

respect to a general officer should be carried into execution until the whole proceeding shall have been transmitted to the Secretary of War to be laid before Congress for approval or disapproval, though other sentences could be confirmed and executed by the officer ordering the court to assemble, or by the commanding officer for the time being.[10] 30 Journal of the Continental Congress 317 (Library of Congress Ed. 1934). By Act of April 10, 1806, ch. 20, § 1, 2 Stat. 367, Congress provided, in Article of War 65, that such a sentence should not be carried into execution until the whole proceedings were laid before the President for his approval or disapproval, though other sentences could be confirmed and executed by the officer ordering the court to assemble, or the commanding officer for the time being. A similar provision with respect to general officers was enacted as Article 108, Rev. Stat. § 1342 (1875), and as Article 48, Act of August 29, 1916, ch. 418, § 3, 39 Stat. 658, and June 4, 1920, ch. 227, c. 2, 41 Stat. 796. And see the Elston Act of 1948, ch. 625, § 224, 62 Stat. 634–635. In view of this historical statutory responsibility in the President to approve the sentence of a general or flag officer, it is reasonable for Congress to afford the President the aid of a previous review of the case by the Court of Military Appeals. The Report of the Senate Committee on the bill establishing a Uniform Code of Military Justice states:

> Automatic review before the Court of Military Appeals is provided for all cases which must be approved by the President.

S. Rep. No. 486, 81st Cong., 1st Sess. 29 (1949). And see H.R. Rep. No. 491, 81st Cong., 1st Sess. 32 (1949).

The selection of general and flag officers is on nomination of the President, subject to Senate confirmation. These officers constitute only a fraction of one per cent of all officers, and a much smaller fraction of all military personnel. Where the President has participated in the appointment of those bearing the responsibility of a general or flag officer, the provision that he review any sentence by court-martial imposed upon his appointee is reasonable and, as we have said, is here unchallenged. The conviction and sentence the President reviews is not that of a civil court. It affects one with whom the President and Commander-in-Chief has a special relationship, different from that which pertains under the laws to other members of the armed services. The interests of the latter are not neglected by this difference; indeed, their interests are among the considerations which support the reasonableness of the different treatment here in question; for review by the President of cases involving general and flag officers cannot be separated from concern for the interests of those over whom they have been placed in positions of unusually great responsibility.

In the Uniform Code of Military Justice, enacted since World War II, establishing the new civilian Court of Military Appeals, Congress has been at great pains to afford to all members of the armed services review and correction of error or injustice. With this before us, and also bearing in mind the reticence civil courts observe with respect to the separate area of law governing the "land and naval forces," Burns v. Wilson, *supra* n. 2, and the continuing responsibility of the President to approve a court-martial conviction and sentence of a general or flag officer, the review provisions here challenged cannot be held to be so unreasonable or irrelevant as to violate the rights of appellant under the Due Process Clause of the Fifth Amendment.

Affirmed.

---

10. The First Congress under the Constitution provided that the troops should continue to be governed by the Articles of War previously established. Act of September 29, 1789, ch. 25, § 4, 1 Stat. 96.