Captain Dale E. NOYD, FR28084,
Plaintiff,

v.

Honorable Robert S. McNAMARA, Secretary of Defense; Honorable Harold W. Brown, Secretary of the Air Force; General John P. McConnell, Chief of Staff, United States Air Force; Lieutenant General Thomas S. Moorman, Superintendent, United States Air Force Academy; Major General G. B. Greene, Jr., Assistant Deputy Chief of Staff/Personnel for Military Personnel, United States Air Force; Lieutenant General Lewis B. Hershey, National Director, Selective Service System; Colonel John E. Horne, Deputy Chief of Staff, Personnel, United States Air Force Academy; Colonel Henry E. Wojdyla, Head, Department of Psychology and Leadership, United States Air Force Academy; Brigadier General Robert McDermott, Dean of Faculty, United States Air Force Academy, Defendants.

Civ. A. No. 67–C–143.

United States District Court
D. Colorado.

March 29, 1967.

Marvin M. Karpatkin, American Civil Liberties Union, New York City, N. Y. and William F. Reynard, Denver, Colo., for plaintiff; Ernest Angell, John de J. Pemberton, Jr., Melvin L. Wulf, Eleanor H. Norton and Rhoda H. Karpatkin, New York City, of counsel.

Lawrence M. Henry, U. S. Atty., for the District of Colorado, Denver, Colo.; Barefoot Sanders, Asst. Atty.Gen., Harland F. Leathers, Frederick W. Drogula and C. Westbrook Murphy, Attys., Dept. of Justice, Washington, D. C., for defendants.

WILLIAM E. DOYLE, District Judge.

This is an action in which the plaintiff, in a lengthy complaint in which he names the Secretary of Defense, Secretary of the Air Force, Chief of Staff of the Air Force, Superintendent of the Air Force Academy and other officials, seeks declaratory relief and applies for habeas corpus, seeks injunctive relief

and, at the moment seeks a preliminary injunction.

The factual basis for this is that plaintiff has declared himself to be a conscientious objector and, notwithstanding that fact, the Air Force proposes to transfer him to Cannon Air Force Base, New Mexico, as of April 1, 1967. The allegation is that this is a training base, or jumping-off base for Vietnam, and that he will be compelled, contrary to his beliefs, to at least train fliers who are going to Vietnam, and he says that this is work that is contrary to his conscientious scruples.

It is to be gleaned from reading the complaint and from statements of counsel that plaintiff is not a member of any religious group, but rather that he holds a philosophy which he declares as "ethical humanism" which dictates these scruples against war. It is also to be gleaned that he does not object to all war; that he objects rather to particular wars of aggression, but specifically to the Vietnam War and that he would not be a conscientious objector if it were a matter of defending the United States. He doesn't rule out the possibility that he would go to foreign countries first in order to carry out an assignment of defending the United States.

█ From this it is maintained by the defendants that he is not entitled to be classified as a conscientious objector and that it is clear from the record as applied to the statute involved, 50 U.S.C. App. § 456(j), that he is not opposed to war in any form. A definition contained in the statute is called to the Court's attention, and although it is set up in a somewhat left-handed way, it suggests this interpretation. However, an examination of the cases does not bear this out because the Supreme Court has given a broad interpretation to the term, particularly the *Seeger* case which was cited to me, United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). Although it doesn't deal specifically with whether one can be a conscientious objector in a limited way, it does indicate that

there are no particular limitations upon holding these conscientious views in terms of the nature or character of the religion or the philosophy which moves him to adopt such views. Moreover, a similar judicial viewpoint, attitude, or approach is made in Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L. Ed. 436 (1955), so that I must conclude from reading these cases that the complaint is not entirely without substance and that it does demand that the case be given further study.

█ It has also been strongly urged by the defendants that we do not have jurisdiction to hear and determine the matter. Yet, an almost identical motion was considered by the Court of Appeals for the District of Columbia in the case of Gallagher v. Quinn, 1966, 124 U.S. App.D.C. 172, 363 F.2d 301, cert. denied 385 U.S. 881, 87 S.Ct. 167, 17 L.Ed.2d 108 (1966), in an opinion by Judge Fahy, which specifically recognizes that there is jurisdiction over the subject matter in a factual context similar to this one. So I do feel that it is a case in which a full hearing should be had, either now or later. Indeed, it is going to have to be had, and if this Court were to dismiss this complaint upon the basis of the brief hearing that was had here today, I think that it almost certainly would be referred back for a hearing in depth on its merits. So, without determining definitely that the cause is one that is meritorious, without intending to establish any precedent for this type of case, it is this Court's conclusion that there is enough merit expressed and there is probable jurisdiction shown justifying the granting of some kind of relief, with a view to taking a closer look at it in an unhurried atmosphere and after both sides have had an opportunity to prepare themselves.

I note that this case was filed on Monday. I have had no opportunity to read the complaint. We heard it this morning. I have been tied up all afternoon and have not had an opportunity to study it. The views expressed are not studied, but they are viewpoints I have arrived

**138**

at from hearing counsel and from the limited amount of study I have given it. I do feel that this requires a full hearing and this is why I have determined that a preliminary injunction should issue against assigning the plaintiff to combat activity or requiring him to perform duties whereby he will be perhaps faced with the necessity of a General Court Martial or other proceedings that might injure him as a practical matter. I do not wish to interfere with the power of the Air Force to move him from one place to another; in other words, I do not wish to exercise any more power than is necessary under the circumstances and, accordingly, the injunction, or restraining order which is entered is against requiring the plaintiff, until the further order of the Court and until a hearing on the merits can be had, to perform combat-type activity, directly or indirectly. The Court does hold that it retains jurisdiction of the controversy and it is suggested that we try the case on the merits in about three weeks from today, Wednesday, April 19, commencing at 9:30 o'clock a. m.

I would ask counsel to prepare an order consistent with the statements made here.