**Edward R. DAVIES**

v.

**Robert S. McNAMARA, Secretary of Defense of the United States.**

**Civ. A. No. 2727.**

United States District Court
D. New Hampshire.

Oct. 30, 1967.

Arnold W. Olsson, Worcester, Mass., John Linzee, Berlin, Mass., Fred J. Madrigan, Portsmouth, N. H., for plaintiff.

Louis M. Janelle, U. S. Atty., Concord, N. H., for defendant.

ORDER DISMISSING PLAINTIFF'S PETITION FOR DECLARATORY JUDGMENT AND CORAM NOBIS BECAUSE OF LACK OF JURISDICTION

CONNOR, District Judge.

Plaintiff seeks a declaratory judgment from this Court under the provisions of 28 U.S.C. § 2201 that a court-martial conviction rendered against him on May 8, 1952, is void and of no effect. He, in addition, seeks a writ of coram nobis.

## STATEMENT OF FACTS

On May 8, 1952, plaintiff was convicted by a general court-martial of arson, in violation of 10 U.S.C. § 926. The court-martial sentenced plaintiff to a bad conduct discharge, total forfeitures and confinement at hard labor for three years. During his confinement, plaintiff did not petition any civilian courts for a writ of habeas corpus. After being released from confinement on December 28, 1954, plaintiff exhausted all of his available remedies within the military system to have this sentence reviewed.

Beginning in 1955, plaintiff requested the Army Board for the Correction of Military Records to change the character of his discharge. Finally, on January 19, 1961, after considering the findings, conclusions, and recommendations of the Army Board for the Correction of Military Records, the Assistant Secretary of the Army, under the provisions of 10 U.S.C. § 1552, directed that all of the Department of the Army records be corrected to show that plaintiff was separated on a Certificate of Honorable Discharge. On February 11, 1964, the plaintiff's records were further corrected to show that $235.44 was allowed for payment normally accruing from an Honorable Discharge. Plaintiff also petitioned the United States Court of Military Appeals seeking a judgment consistent with the findings of the Army Board. On April 5, 1962, the United States Court of Military Appeals issued an order denying plaintiff's petition of a Writ of Error Coram Nobis.

Plaintiff avers several grounds why the 1952 conviction should be declared void: that the 1952 court-martial was an unconstitutional proceeding in that he was not allowed to be represented by civilian counsel of his choice as provided

by 10 U.S.C. § 832(b); that a thorough and impartial investigation as required by 10 U.S.C. § 832 was not conducted in his case; that a proper pre-trial hearing was not held; that he has new evidence which shows that evidence given at the court-martial was incorrect; and that he was subjected to illegal search and seizure and invasion of privacy. Plaintiff claims that these matters have not been heard or determined by any court and demands judicial relief.

 Plaintiff's motion for a declaratory judgment is dismissed in accordance with Rule 12(b) of the Federal Rules of Civil Procedure on the ground that this Court lacks jurisdiction over the subject matter. Congress has provided that court-martial sentences and dismissals or discharges executed pursuant to such sentences upon approval, review or affirmation as required by the Uniform Code of Military Justice are final and conclusive. 10 U.S.C. § 876. While it is well established that the writ of habeas corpus is not suspended by such a provision (See Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953); Gibbs v. Blackwell, 354 F.2d 469 (5th Cir. 1965)), it is equally well settled that in the absence of physical confinement the courts cannot interfere with nor in any way review the court-martial proceedings. Brown v. Royall, 81 F.Supp. 767 (D.C.1949), aff'd U.S. App.D.C. Oct. 13, 1949, cert. denied 339 U.S. 952, 70 S.Ct. 840, 94 L.Ed. 1365, rehearing denied 339 U.S. 991, 70 S. Ct. 1021, 94 L.Ed. 1392. Goldstein v. Johnson, 87 U.S.App.D.C. 159, 184 F. 2d 342, 343 (1950), cert. denied 340 U.S. 898, 71 S.Ct. 234, 95 L.Ed. 651 (1950).

In the Brown case, a general court-martial convicted plaintiff, sentenced him to a period of imprisonment, and dismissed him from the service. Plaintiff, who had served his term of imprisonment, sought a declaration that the court-martial was without jurisdiction and that the orders entered pursuant to his conviction were null and void. He claimed that the court-martial had no jurisdiction in that, after he was given

"terminal leave," he was recalled to active duty for the purpose of being tried by court-martial and also that his case did not receive a fair and impartial preliminary investigation as required by military law. Plaintiff had obtained no administrative relief to correct his record. He insisted that the alleged lack of jurisdiction constituted a deprivation of his constitutional rights of due process.

The District Court dismissed the action and held:

> It has long been recognized that the civil courts may, incidental to their right to inquire into the legality of restraint of the person, determine in habeas corpus proceedings the validity of the actions by which the liberty of a petitioner is restrained, even where such restraint is by virtue of the action of a court martial. * * * But, in no instance, so far as the authorities submitted, or any which I have been able to discover, disclose, has a civil court undertaken to pass upon and determine the validity of a court martial in a proceedings for a declaratory judgment, or to order and direct the officials of the War Department to alter its records, or issue new ones pursuant to the court's judgment with respect to such court martial action. I believe that the principle which controls here is expressly stated by the Supreme Court in the case of Wales v. Whitney, Secretary of the Navy (decided May 4, 1885), 114 U.S. 564, 5 S.Ct. 1050, 1052, 29 L.Ed. 277 * * *.
> Brown v. Royall, supra.

In the *Goldstein* case, plaintiff brought an action against the Secretary of Defense for a declaratory judgment and a mandatory injunction to set aside and to have declared null and void a court-martial proceeding in which he had been found guilty of fraudulent enlistment in the Army and as a result of which he was dishonorably discharged. He had obtained no administrative relief to correct his record. He alleged that the court-martial proceeding and its subsequent review were part of a fraudulent conspiracy to cover up administrative errors. He also alleged that he was deprived of the right to civilian counsel of his own choice and that he was denied an opportunity to introduce certain evidence in his own behalf because the court-martial tribunal wrongfully refused to grant a continuance. In a *per curiam* opinion, the Court of Appeals for the District of Columbia affirmed the District Court's determination that it was without jurisdiction of the subject matter because plaintiff was not in confinement. This Court also cited Wales v. Whitney as controlling. Goldstein v. Johnson, 87 U.S.App.D.C. 159, 184 F.2d 342, at 343 (1950), cert. denied 340 U.S. 898, 71 S.Ct. 234, 95 L.Ed. 651 (1950). In Wales v. Whitney, the Supreme Court carefully defined the power of Article III courts to review court-martials:

> But neither the supreme court of the district nor this court has any appellate jurisdiction over the naval court-martial, nor over offences which such a court has power to try. Neither of these courts is authorized to interfere with it in the performance of its duty, by way of a writ of prohibition or any order of that nature. * * * If there is no restraint there is no right in the civil court to interfere. Its power *then* extends no further than to release the prisoner. It cannot remit a fine, or restore to an office, or reverse the judgment of the military court. * * * Of course, if there is no prisoner to release, if there is no custody to be discharged, if there is no such restraint as requires relief, then the civil court has *no power* [emphasis added.] to interfere with the military court, or other tribunal over which it has by law no appellate jurisdiction. Wales v. Whitney, 114 U.S. 564, 570, 5 S.Ct. 1050, 1052, 29 L.Ed. 277 (1885).

It is significant to note that plaintiff failed to apply for a writ of habeas corpus when under military confinement. As plaintiff is not in confinement, it would seem that this Court need not come to the question of the possible effect in a

habeas corpus case of allegations of the kind here made. Goldstein v. Johnson, supra.

Plaintiff cites Ashe v. McNamara, 355 F.2d 277 (C.A.Mass.1965), as authority for the relief which he seeks before this Court. In *Ashe,* a former steward in the United States Navy who, pursuant to a general court-martial, served a term in prison and was dishonorably discharged, petitioned the Board of Correction of Naval Records to change his discharge to one under honorable conditions. Plaintiff did not seek this relief until several years after his prison sentence had expired. *The essential facts were not in dispute* and clearly illustrated that plaintiff had been deprived of effective assistance of counsel as guaranteed by the Sixth Amendment. See Ashe v. McNamara, supra, at 279–280. The Board denied his petition and the Secretary of the Navy approved that action. Thereafter, the United States Court of Military Appeals dismissed a petition to review this administrative action and confirmed plaintiff's sentence.

The Court of Appeals stated that plaintiff's conviction was "the product of a court-martial procedure so fundamentally unfair that, upon a proper petition, a district court at the place of his incarceration would have been obligated to grant him a writ of habeas corpus, find his sentence invalid and order his release from imprisonment." Ashe v. McNamara, supra, at 280. The Court held that it could review *departmental action* upon a petition to change the type of discharge. Ashe v. McNamara, supra, at 281. The Court found "no inconsistency between legislatively declared 'finality' of administrative action and judicial correction of administrative action found to be violative of constitutional right, otherwise illegal or without basis in fact." Ashe v. McNamara, supra, at 281.

The *Ashe* case, then, went a step beyond Brown v. Royall in that it reviewed the actions of Defense Department officials. However, *Ashe* involved judicial review of administrative action only.

The Court of Appeals was considering relief which plaintiff in the present case has already been granted—administrative correction of his record.

In *Ashe,* plaintiff was asking to have removed from his record "part of punishment pursuant to conviction of a crime," Ashe v. McNamara, supra, at 282, not to have his conviction declared null and void. Within the framework of military justice established by Congress, it is the function of the Correction Board, not the Article III courts, to grant collateral relief to persons no longer in custody. Ashe v. McNamara, supra, at 282. Once a person has sought and been granted collateral relief by the Correction Board, he has no further remedies in the Article III courts. Thus, in the present case, plaintiff has already obtained all of the relief to which he is legally entitled.

In one instance, an Article III court did review a court-martial action when a person was not in custody. But such review was granted only under highly unusual circumstances and not under facts as presented in this case. In Jackson v. Wilson, 147 F.Supp. 296 (D.C. 1957), a District Court held that it had jurisdiction to determine if the court-martial which tried and convicted the plaintiff was not lawfully constituted and, therefore, did not have jurisdiction of the person of the plaintiff.

The plaintiff, Lt. Colonel Wade Mosby Jackson, sought declaratory and injunctive relief to vacate a sentence of a general court-martial. Plaintiff had not been sentenced to imprisonment; instead he had been sentenced to forfeit $350 per month for twelve months, and to lose 250 unrestricted numbers (which adversely affected the officer's right to promotion). Plaintiff alleged that, in violation of military regulations, his accuser had convened the court-martial and hence it was illegally constituted.

Interestingly, Judge James W. Morris, who held that the District Court had jurisdiction in *Jackson,* had decided Brown v. Royall, supra, eight years previously. The Court acknowleged that it had held several times that "a civil court

does not have jurisdiction to review the actions of a court-martial where the court-martial has jurisdiction of the person and of the offense, and imposes a sentence authorized by law." Jackson v. Wilson, supra, at 297.[1]

Jackson is an exceptional case. The District Court cited no authorities whatsoever in its opinion. The sentence imposed was not such as to give jurisdiction to the United States Court of Military Appeals. Not being sentenced to imprisonment, Lt. Colonel Jackson never had an opportunity to petition for a writ of habeas corpus.

■ Moreover, Jackson's jurisdictional attack was a technical one relating to an illegal convening of the court-martial and did not claim, as did the plaintiffs in Brown and Goldstein, and as does plaintiff in the present case, that deprivation of constitutional rights is so gross as to constitute jurisdictional error. This Court, however, is not of the opinion that the alleged deprivations are of such gravity as to have deprived the military tribunal of jurisdiction. When a person is not under confinement, the scope of collateral review should be much narrower than on habeas corpus. See 7 Moore, Federal Practice § 60.14. This should be especially true when an Article III court is called upon to review a military court-martial. See 1 Moore, Federal Practice § 0.5(4). In the present case, plaintiff does not make any technical assaults on the court-martial's jurisdiction; moreover, he had an opportunity to petition for a writ of habeas corpus while under custody and failed to do so; finally, he obtained administrative relief while Lt. Colonel Jackson did not.

If plaintiff had challenged the constitutionality of a provision of the Uniform Code of Military Justice, he might have been able to obtain civilian review of his court-martial. See Gallagher v. Quinn, 124 U.S.App.D.C. 172, 363 F.2d 301, 304 (1966). In the Gallagher case, the plaintiff had been convicted and sentenced by a military tribunal, but he was no longer in custody. The Court of Appeals for the District of Columbia held that the District Court did have jurisdiction to determine the constitutionality of a provision of the Uniform Code of Military Justice since this provision was an Act of Congress. The Court stated that "unless jurisdiction lies in the District Court in such a case as this, with appellate jurisdiction in this court and then in the Supreme Court, the constitutional validity of the Act of Congress cannot be decided except by the military tribunal." Gallagher v. Quinn, supra, at 304. In the present case, however, plaintiff has failed to challenge the constitutionality of an Act of Congress.

Only the military courts could have nullified plaintiff's conviction. The United States Court of Military Appeals, however, considered plaintiff's petition of a Writ of Error Coram Nobis and denied it. Plaintiff's case achieved finality with the decision of the Court of Military Appeals. He had no statutory right to seek Supreme Court review of the Court of Military Appeals' denial of his petition, either by appeal or certiorari. See Gallagher v. Quinn, supra, at 304.

Since this Court has no jurisdiction over the subject matter, it has no power to declare a conviction of the United States Court of Military Appeals null and void. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

Plaintiff's motion for a declaratory judgment is dismissed.

---

1. The Court of Appeals for the District of Columbia never directly considered Jackson; but in Gallagher v. Quinn, 124 U.S.App.D.C. 172, 363 F.2d 301, 304 (1966), cert. denied 385 U.S. 881, 87 S.Ct. 167, 17 L.Ed.2d 108 (1966), the Court of Appeals, in a footnote, stated that "[a] declaratory judgment has been held available to obtain review of the procedure in a court-martial otherwise final where the defendant is not in custody" and cited Jackson, Gallagher v. Quinn, supra, at 304 n. 8. The Gallagher case was not disposed of on the basis of Jackson, see below.