**Edward R. DAVIES, Plaintiff, Appellant,**

v.

**Clark M. CLIFFORD, Secretary of Defense, Defendant, Appellee.**

**No. 7058.**

United States Court of Appeals First Circuit.

Heard April 1, 1968.

Decided April 25, 1968.

John Linzee, Berlin, Mass., with whom Arnold W. Olsson, Worcester, Mass., was on brief, for appellant.

Alan S. Rosenthal, Atty., Dept. of Justice, with whom Edwin L. Weisl, Jr., Asst. Atty. Gen., Louis M. Janelle, U. S. Atty., and Michael C. Farrar, Atty., Dept. of Justice, were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is a petition for declaratory relief in which the respondent is the Secretary of Defense. Petitioner alleges that in 1952, when an army private, he was convicted by court martial of arson. The Court of Military Appeals having denied his petition for review, he received a bad conduct discharge and served the sentence imposed. In 1961 petitioner obtained a hearing before the Army Board for the Correction of Military Records on a claim that he had not, in fact, been guilty. Based upon its recommendations, an order was entered directing the alteration of petitioner's records to indicate that he had received an honorable discharge, and he received

the appropriate perquisites.[1] 10 U.S.C. § 1552. Thereafter, he sought to have the conviction vacated, but the Court of Military Appeals denied his petition. Petitioner alleges that his court martial conviction was invalid because of various errors in his trial which, for present purposes, we will assume violated his constitutional rights. The district court dismissed for lack of jurisdiction. 275 F.Supp. 278.

Petitioner relies upon Ashe v. McNamara, 1 Cir., 1965, 355 F.2d 277, as authorizing the relief sought. In *Ashe,* under somewhat comparable background circumstances, we held that review would lie in the district court of the Secretary's refusal to correct the dishonorable discharge and change it to honorable, stating that where the conviction was founded upon error of constitutional proportion the Secretary had an obligation to treat it as void and to take the administrative action necessary to discontinue the punishment, which still affected the veteran's current right to benefits. Petitioner in the present case is not seeking such collateral administrative relief. His complaint asserts, "[P]laintiff needs the further relief which can be provided only by a judicial tribunal to effectively and finally void the conviction." In other words, although he names the Secretary as the respondent, he seeks direct review of the conviction.

█ We have no jurisdiction to review the Court of Military Appeals.[2] Indeed, it is not clear that we could review even a decision of the district court under such circumstances. Compare, e. g., Parker v. Ellis, 1960, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963, and St. Pierre v. United States, 1943, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed.

1199, with United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, and Fiswick v. United States, 1946, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196. Nor do we believe that this conclusion is in any way contrary to Ashe, which held that petitioner was entitled to the administrative relief of voiding his "punitive sentence." 355 F.2d at 282. Petitioner has already received this relief.

█ Whether our present disclaimer be phrased in terms of absence of any present controversy to support a declaratory judgment where petitioner is under no current disability or restraint, or absence of direct jurisdiction over the conviction itself, the district court's dismissal of the petition was correct.

Affirmed.

---

1. A claim against him for damage caused in the fire was released in 1964, pursuant to 10 U.S.C. § 874.

2. We are mindful of authorities cited to us by petitioner, such as Augenblick v. United States, Ct.Cl., 1967, 377 F.2d 586, and Gallagher v. Quinn, 1966, 124 U.S.App.D.C. 172, 363 F.2d 301, which, while presenting factual questions different from the instant case, imply that jurisdiction exists to review action by the Military Court of Appeals other than via writ of habeas corpus. To the extent that such cases may stand for the proposition urged by petitioner, we do not follow them.