**William B. RICHARDSON, Appellant,**

v.

**S. S. SOKOL, Commissioner, Bureau of Accounts, Fiscal Service, Treasury Department, United States Government.**

**No. 17339.**

United States Court of Appeals
Third Circuit.

Argued Dec. 19, 1968.

Decided April 9, 1969.

* Of the Tenth Circuit, sitting by designation.

William B. Richardson, pro se.

Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa., for appellee. (Gustave Diamond, U. S. Atty., Pittsburgh, Pa., on the brief).

Before SEITZ, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

This is an appeal from the judgment of the district court dismissing appellant's complaint. Appellant William B. Richardson brought suit essentially seeking a declaration that certain sections of the Central Intelligence Agency Act of 1949, as amended, 50 U.S.C.A. § 403a et seq., are repugnant to Article I, Section 9, Clause 7 of the Constitution of the United States. Appellant alleged that the Act's provisions for financing the C.I.A. through appropriations to other agencies [1] "prevent the receipts and expenditures of the C.I.A. from becoming available" to those charged with preparing the statement of expenditures of public monies required by the Constitution. Thus, appellant contends that the statement of account mandated by the Constitution cannot be prepared.

The appellee, defendant in the district court, is S. S. Sokol, The Commission of Accounts, Fiscal Service, United States Treasury. Sokol apparently is the one who has charge of preparing the statement of account at issue.[2] The appellee moved to dismiss the complaint arguing (1) the complaint did not state a claim upon which relief could be granted, (2) the court lacked jurisdiction, (3) the appellant lacked standing to sue and (4) the complaint did not raise a justiciable controversy. Relying primarily on Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923), the district court granted appellee's motion on the ground that the appellant lacked standing to raise a justiciable controversy.

After the district court's opinion, the United States Supreme Court decided Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Appellant now contends, inter alia, that he has standing to sue under the ruling of Flast.

We do not reach the standing question, because we believe that the district court lacked jurisdiction. Appellant's complaint alleges "Jurisdiction founded on the existence of a federal question." No other jurisdictional basis is suggested in the pleadings.

In pertinent part, 28 U.S.C.A. § 1331 (a) provides:

"The district court shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

Nowhere does the appellant allege that the requisite amount is in controversy.

1. 50 U.S.C.A. §§ 403f(a), 403j.

2. Reorganization Plan III of 1940, § 1(b), 5 App.U.S.C.A.

Further we cannot reasonably say that the complaint otherwise indicates that "the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs." The fact that the amount of the C.I.A. appropriations is undoubtedly far in excess of $10,000 cannot cure the jurisdictional defect here because the appropriations per se are not a part of the "matter in controversy." [3] Rather, appellant challenges only the propriety of the accounting procedure employed.

We conclude that the requisite jurisdictional amount does not appear affirmatively on the face of the complaint as it must in order for the district court to have jurisdiction. Gray v. Occidental Life Ins. Co. of Cal., 387 F.2d 935 (3rd Cir. 1968), cert. den., 391 U.S. 926, 88 S.Ct. 1825, 20 L.Ed.2d 665 (1968).

The judgment of the district court will be affirmed for the reasons stated herein.

---

3. In point of fact, even if the appropriations themselves were challenged, there is substantial doubt whether appellant could invoke the federal question jurisdiction of the district court. 1 Moore's Federal Practice, Para. 0.91 [1], 2d ed., 1964.