**Perley Louis WILSON, Appellant,**

v.

**The SECRETARY OF the UNITED STATES NAVY.**

**No. 17547.**

United States Court of Appeals Third Circuit.

Submitted on Briefs Sept. 29, 1969.

Decided Oct. 23, 1969.

Rehearing Denied Jan. 14, 1970.

Perley Louis Wilson, pro se.

Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., and Morton Hollander, Chief Appellate Section, Dept. of Justice, Civil

Division, Washington, D. C., for appellee (William D. Ruckelshaus, Asst. Atty. Gen., Robert M. Heier, Atty., Dept. of Justice, Washington, D. C., on the brief).

Before STALEY, SEITZ and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal by petitioner from a grant of summary judgment in favor of the Secretary of the Navy in a mandamus action seeking to compel the Secretary to change the status of petitioner's discharge from "undesirable because of unfitness" to "honorable."

Petitioner is a former Steward in the United States Navy. On April 29, 1954, he was given the administrative discharge now under attack. Thereafter, he requested a hearing, pursuant to a statute now codified at 10 U.S.C. § 1553, before the Naval Board of Review, Discharges and Dismissals (now the Navy Discharge Review Board), asserting that his discharge should have been honorable. He was afforded a hearing before the Review Board on October 8, 1954; although he elected in writing not to appear in person, he was represented by counsel at the hearing. On October 26, 1954, the Review Board concluded that, in view of petitioner's disciplinary record,[1] the character of the discharge originally issued was proper.

On January 9, 1967, more than 12 years after the decision of the Review Board, petitioner requested the Board for the Correction of Naval Records (Correction Board), authorized by 10 U.S.C. § 1552, to change the nature of his discharge to honorable. By letter of December 19, 1967, the Correction Board notified petitioner that, after examining his record, it had decided that further administrative review of his case was unwarranted.

In this mandamus action, commenced on November 15, 1967, petitioner asserts that his discharge and its subsequent administrative review did not comply with Navy regulations and the relevant statutes, and that the procedures afforded him did not meet the requirements of due process of law. On September 5, 1968, in an unreported opinion, the district court concluded that "the naval regulations were properly complied with by the Secretary and the procedures under 10 U.S.C.A. § 1553 which accorded Wilson a hearing with counsel after his discharge satisfy the fundamental principles of due process." We agree.

Petitioner asserts that, by statute, he was entitled to have his discharge reviewed at a hearing before a civilian review board. This contention is groundless. By its terms, 10 U.S.C. § 1553, under which the Review Board was established, secures to an applicant the right to a hearing before a "board of review, consisting of five members," established by the Secretary of each military department. Nothing in the statute suggests that this five-man board be comprised of civilians. To the contrary, the Secretary of the Navy has long construed section 1553 as authorizing a military board and has promulgated regulations accordingly. See 32 C.F.R. § 724.1 et seq. The Review Board is to be distinguished from the Correction Board, created pursuant to 10 U.S.C. § 1552. That statute requires that the Correction Board be composed of civilians, but it does not require that a hearing be held and the Secretary has not elected to provide for a mandatory hearing. Rather, the regulations (32 C.F.R. § 723.3) empower the Correction Board, at its discretion, to authorize a hearing or to deny an application for correction without a hearing. In view of petitioner's military record, the Correction Board was plainly justified in denying his application without a hearing, particularly since the petitioner did not assert that he

---

1. During the four year period prior to his discharge he was found guilty of seven separate naval offenses, including being asleep on duty, disrespect to a superior and four instances of being absent without leave.

was not guilty of the offenses which formed the basis for his discharge.

Petitioner also contends that he was denied due process because he was discharged without being afforded a trial or advised of his right to counsel. The district court found that petitioner had elected in writing not to appear at the Review Board hearing and that, as shown by Navy records, petitioner had in fact been represented by counsel at the hearing. Furthermore, the district court concluded that the procedures afforded petitioner satisfy the requirements of due process. We are in accord with these conclusions. See Reed v. Franke, 297 F.2d 17 (4th Cir. 1961). Petitioner relies upon Ashe v. McNamara, 355 F.2d 277 (1st Cir. 1965). That case is not in point because the court there found that the constitutional rights of the accused serviceman were violated in the military trial which resulted in the conviction which formed the basis for his dishonorable discharge. Here we find no such violation.

The judgment of the district court will be affirmed.