Vincent RAGONI, Appellant,

v.

UNITED STATES of America,
Secretary of the Navy.

No. 17972.

United States Court of Appeals,
Third Circuit.

Argued March 3, 1970.

Decided April 10, 1970.

Rehearing Denied July 20, 1970.

James A. Kennedy, Potter & Gagliano, Long Branch, N. J., for appellant.

Judith S. Seplowitz, Civil Division—Department of Justice, Washington, D. C., for appellee.

Before SEITZ, VAN DUSEN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal by plaintiff Vincent Ragoni from a grant of summary judgment by the district court in favor of defendants in an action seeking a declaratory judgment that the Board for Correction of Naval Records (Correction Board) erroneously refused to change plaintiff's 1947 bad conduct discharge from the Navy to an honorable discharge.

Plaintiff enlisted in the Navy in 1942. On April 26, 1947, while assigned to the U. S. S. North Carolina, he was given a bad conduct discharge pursuant to a summary court martial for being absent without leave from his ship.[1] It is admitted that at the summary court martial plaintiff stated that he did not wish counsel, pleaded guilty, and did not make a statement. Plaintiff's discharge was reviewed upon his request in 1948 by the Navy Board of Review, Discharges and Dismissals (now the Navy Discharge Review Board). 10 U.S.C. § 1553. The Review Board found that "the character of the discharge originally issued is proper and that no change, correction or modification" was warranted.

In 1965, seventeen years after the decision of the Review Board, plaintiff requested review of his discharge by the Board for Correction of Naval Records. 10 U.S.C. § 1552. He submitted to the Correction Board a four and one-half page account of his naval service and subsequent events. As to the charge which led to his last court martial and subsequent discharge, he asserted that he had left the ship without permission because he had been suffering from combat fatigue and did not believe he was receiving adequate treatment from the ship's medical personnel. His letter to the Correction Board further stated:

"I left the ship and went to Newark and home where I saw my own Doctor, and I stayed there for several days, until I felt better. I returned to the ship and was emmeadly brought before the Captian. We had some words or rather he did, as you can't say much to a Captian. I requested and insissted on Medical Treatment, he wasn't in any mood to hear anything from the like of me. He called me about everything a Captian, of his standing could do and recommended a Bad Conduct Discharge, and I agreed, I was too afraid not to, and so I was Discharged.

"I fully believe the Captian, who was a wonderful guy and skipper, if I was allowed Counsel and a investigation held. I would of been sent to a hospital, where later on I was to find I had a damaged and nervous stomach, I would of never gotten the Bad Discharge." (spelling as in original)

This material, together with plaintiff's naval records, was reviewed by the Correction Board, which concluded on July 12, 1966, that "insufficient evidence has been presented to indicate probable material error or injustice" and denied plaintiff's application without a hearing.

On June 24, 1967, plaintiff commenced this action in the district court pro se by filing a "Motion for Declaratory Judgment." He challenged the adverse decision by the Correction Board, asserting that his court martial guilty plea and waiver of counsel were rendered invalid by his mental and physical incompetence at the time. The district court granted

---

1. On four other occasions in the preceding nine months plaintiff had been convicted of being AWOL.

defendants' motion for summary judgment on the ground that plaintiff's "claims are simply not supported by his naval records."

■ Initially, defendants assert that the district court had no jurisdiction over this action. Defendants' position is that this action in effect seeks judicial review of a court martial decision, and that such review is barred by Article 76 of the Uniform Code of Military Justice, 10 U.S.C. § 876, which provides that court martial sentences are "final and conclusive" and binding on, *inter alia*, all courts of the United States.[2]

The Correction Board "may correct any military record * * * when [it] considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552. In the leading case of Ashe v. McNamara, 355 F.2d 277 (1st Cir. 1965), the First Circuit held that district courts have jurisdiction in an action for mandamus pursuant to 28 U.S.C. § 1361 to review decisions by the Correction Board including those which involve actions by courts martial. The court pointed out that Congress specifically relieved the Correction Board from the finality provision of Article 76, and that the federal courts have jurisdiction to set aside an arbitrary and capricious refusal by the Board to exercise its power. The court's analysis of the legislative history on this issue is persuasive and need not be reiterated here. See also Smith v. McNamara, 395 F.2d 896 (10th Cir. 1968), cert. denied 394 U.S. 934, 89 S.Ct. 1211, 22 L.Ed.2d 466 (1969). Indeed, several courts have held that Article 76 was not intended to bar *any* collateral attacks on court martial decisions. See Kauffman v. Secretary Of The Air Force, 415 F.2d 991, 994–996 (D.C.Cir.1969), cert. denied 396 U.S. 1013, 90 S.Ct. 572, 24 L.Ed.2d 505 (1970); Augenblick v. United States, 180 Ct.Cl. 131, 377 F.2d 586, 591–593 (1967), rev'd on other grounds, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969).

[2–4] Assuming that the present action can be viewed as one for mandamus under 28 U.S.C. § 1361, we turn to plaintiff's assertion that summary judgment was improper here. He claims that there was a triable issue of fact as to his physical and mental capacity at the court martial. This argument does not advance plaintiff's cause, however, since in considering a petition for a writ of mandamus the district court in these cases may not look beyond the administrative record. Sanford v. United States, 399 F.2d 693 (9th Cir. 1968). This is so because the issue in such a mandamus action is whether the Correction Board acted arbitrarily or capriciously in view of the record before it. We have carefully reviewed the administrative record in this case and are convinced that the Correction Board did not act arbitrarily or capriciously in denying plaintiff's claim without a hearing. As is evident from the above-quoted language from his letter to the Correction Board, plaintiff's allegations of various symptoms of illness do not constitute a showing of likely incapacity or involuntariness at the time of the summary court martial.

We next consider whether plaintiff could obtain a trial of his alleged fact issues in a declaratory judgment action. Plaintiff's "Motion for Declaratory Judgment" might conceivably be read, not as seeking to set aside arbitrary action by the Correction Board, but as an attempt to make a habeas-corpus-type collateral attack on his court martial conviction. Cf. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). Such a right of action by way of declaratory judgment might be available when habeas corpus is foreclosed because the "in custody" requirement of the habeas corpus statute cannot be satisfied. Presumably, any action or inaction by the

2. Our decision in Wilson v. Secretary of United States Navy, 417 F.2d 297 (3d Cir. 1969) involved an administrative discharge, not a discharge pursuant to a court martial decision, and is not apposite.

Correction Board would be irrelevant under any such theory. Moreover, if such a cause of action were recognized, it would probably allow some factual issues to be relitigated in the district courts in the manner of habeas corpus attacks on court convictions. While at least one court has held that such declaratory relief from a court martial conviction is available, other courts appear to have rejected the theory. Compare Kauffman v. Secretary Of The Air Force, 415 F.2d 991 (D.C.Cir.1969), cert. denied 396 U.S. 1013, 90 S.Ct. 572, 24 L.Ed.2d 505 (1970) with United States v. Carney, 406 F.2d 1328 (2d Cir. 1969) and Davies v. Clifford, 393 F.2d 496 (1st Cir. 1968). See also Augenblick v. United States, 180 Ct. Cl. 131, 377 F.2d 586 (Ct.Cl.1967), rev'd on other grounds, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969).

■ The district court did not explicitly rule on the declaratory judgment issue, although it did refuse to permit plaintiff a trial on the merits of his claims. However, it is clear that we may not add our views to this controversy since we think the district court had no jurisdiction to decide the declaratory judgment question in this case.

■ The Declaratory Judgment Statute, 28 U.S.C. § 2201, is limited in operation to those cases which would otherwise be within the jurisdiction of the federal courts; the mere fact that a declaratory judgment is being sought is not, of itself, ground for federal jurisdiction. Plaintiff's pleadings suggest no jurisdictional basis. Plaintiff has neither alleged the requisite $10,000 in controversy for § 1331 federal question jurisdiction nor does it appear from the pleadings or the record that such amount might be in controversy. See Richardson v. Sokol, 409 F.2d 3 (3d Cir. 1969). Moreover, even if 28 U.S.C. § 1361 (mandamus) were available as a jurisdictional basis for a declaratory judgment action, it is clear that the scope of review in such a case would still be whether the Correction Board acted arbitrarily in view of the record before it.

Thus, we hold that whether plaintiff's complaint is viewed as a petition for a writ of mandamus or as seeking a declaratory judgment he cannot prevail.

The judgment of the district court will be affirmed.