**Edward R. DAVIES, Plaintiff, Appellant,**

v.

**Stanley RESOR, Secretary of the Army, Appellee.**

**No. 71–1131.**

United States Court of Appeals, First Circuit.

July 22, 1971.

---

1. Dominion Hotel v. State of Arizona, 249 U.S. 265, 268, 39 S.Ct. 273, 274, 63 L.Ed. 597 (1919).

**1332**

Edward R. Davies on brief pro se.

L. Patrick Gray, III, Asst. Atty. Gen., David A. Brock, U. S. Atty., Alan S. Rosenthal, and Michael C. Farrar, Attys., Dept. of Justice, on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Almost twenty years ago appellant, then in the Army, was tried by a general court-martial, convicted of arson, given a bad conduct discharge, and sentenced to three years imprisonment. His conviction was subsequently affirmed by the Court of Military Appeals and the sentence was executed.

Ten years ago, after repeated attempts, appellant succeeded in persuading the Army, through its Board for Correction of Military Records, to change his bad conduct discharge to an honorable one through administrative action under 10 U.S.C. § 1552. This action was based upon a finding by the Board that appellant's conviction rested on circumstantial evidence and doubt existed both as to whether the fire was caused by arson and, if so, whether appellant was involved. The Board concluded that as a result of this doubt and because of the appellant's good record since his confinement, the bad conduct discharge was unjust and unduly severe.

Appellant received his honorable discharge and then began a series of administrative and judicial attempts to void his conviction and to seek other relief. A petition for Coram Nobis before the Court of Military Appeals was denied in 1962. In 1966 appellant brought suit in federal court for a declaratory judgment voiding his conviction. We affirmed the district court's dismissal of the action for want of jurisdiction. Davies v. Clifford, 1 Cir., 1968, 393 F.2d 496. Finally, in 1970 appellant presented his request for further relief to the Board for Correction of Military Records and was turned down.

In the present action appellant seeks a mandamus under 28 U.S.C. § 1361 directing the Secretary of the Army to grant further relief under 10 U.S.C. § 1552. Appellant asks that we order the Secretary to grant appellant a certificate of innocence, award him back pay and allowances, correct his DD214 discharge record to remove the entry of lost time, reinstate him to the enlisted rank he would hold today had he remained in the service and received regular promotions, and grant monetary damages for wrongful conviction, false imprisonment and character defamation. In support of his assertion of our jurisdiction to grant such relief, appellant relies upon our decision in Ashe v. McNamara, 1 Cir., 1965, 355 F.2d 277.

Such reliance is misplaced. In *Ashe* we found jurisdiction to order the setting aside of a dishonorable discharge where constitutional rights of the accused were violated in the military trial. In the present case we see no allegation or evidence that appellant was deprived of constitutional rights in the proceedings leading to his conviction. Without such constitutional violation the granting of further relief remains within administrative discretion. 355 F.2d at 282. *See also* Wilson v. Secretary of the Navy, 3 Cir., 1969, 417 F.2d 297, 299; Kauffman v. Secretary of the Air Force, 1969, 135 U.S.App.D.C. 1, 415 F.2d 991, 994; Smith v. McNamara, 10 Cir., 1968, 395 F.2d 896, 897.

Finding no reason for believing that we would be aided by oral argument, this case is disposed of under Local Rule 6.

Affirmed.