**Raymond C. HAINES, Appellant,**

v.

**UNITED STATES of America, Secretary of the Air Force.**

**No. 18511.**

United States Court of Appeals, Third Circuit.

Argued Sept. 21, 1971.

Decided Dec. 30, 1971.

Thomas E. Colleton, Jr., Riker, Danzig, Scherer & Brown, Newark, N. J., for appellant.

Robert E. Kopp, Dept. of Justice, Civil Div., Washington D. C. (L. Patrick Gray, III, Asst. Atty. Gen., Herbert J. Stern, U. S. Atty., Morton Hollander, William Kanter, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

*VAN DUSEN, Circuit Judge.*

This is an appeal by plaintiff from the district court's grant of defendants' motion for summary judgment in an action seeking a declaratory judgment that the Air Force Discharge Review Board and the Air Force Board for the Correction of Military Records erroneously denied his request to change his 1956 discharge "under other than honorable conditions" to an "honorable" discharge.

Plaintiff enlisted in the Air Force in 1952. On August 31, 1956, he was given an undesirable discharge. The discharge proceedings were instituted by plaintiff's squadron commander and were predicated upon plaintiff's poor service record, which included two convictions in civil courts and two in military courts, five reported reprimands for disorderly conduct, and two punishments for fighting. All of these incidents had occurred while plaintiff was serving in the squadron and there was strong evidence that they were related to a drinking problem.[1] The service record also included evaluations by plaintiff's supervisors which indicated that he had poor work habits, set bad examples for younger airmen, and required continual supervision. Before any administrative action was taken on the squadron commander's request for discharge, plaintiff was given the opportunity to sign an "application for discharge." On 26 July 1956, plaintiff signed the discharge application in lieu of disciplinary board action. The discharge application[2] acknowledged the existence of the charges, and stated that the signator had read the pertinent regulations, understood the consequences of his acts, and waived the right to counsel and a hearing provided by the regulations. After plaintiff's application was approved on August 31, 1956, he was discharged "under other than honorable conditions."

On August 27, 1968, plaintiff requested review of his discharge by the Air Force Discharge Review Board.[3] In his application plaintiff indicated that he was seeking representation by the American Red Cross. In a letter dated October 5, 1968, the Board notified the Red Cross of plaintiff's request for representation and advised them of the procedures for investigating plaintiff's

---

1. An examination of plaintiff's military record reveals numerous references to intoxication and excessive drinking.

2. Plaintiff signed a standard AFR 39–17 APPLICATION FOR DISCHARGE, containing this language:
   "1. I have been informed that my commander has initiated action against me under AFR 39–17. I have read his report stating the specific reasons I am considered unfit and I have also read and understand AFR 39–17. I understand that under that Regulation I am entitled to an impartial hearing by a board of officers; that at such hearing I am entitled to counsel and to present evidence and call witnesses in my behalf. I hereby waive my entitlement to appear before the board and I request discharge without benefit of

board proceedings. I understand that if this application is approved, my separation from the Air Force may be under conditions other than honorable and that I may receive an undesirable discharge; that this may deprive me of rights as a veteran under both Federal and State legislation; and that I may expect to encounter substantial prejudice in civilian life in situations wherein the type of service rendered in the Armed Forces or the character of discharge received therefrom may have a bearing.
   "2. Legal counsel has been made available to me. I voluntarily sign this application for discharge of my own free will."

3. 10 U.S.C. § 1553; 32 C.F.R. 865, subpart B.

records. In his application plaintiff alleged that he had been coerced into signing the discharge by threats of a general court martial based on fraudulent enlistment. On October 29, 1968, the Board denied plaintiff's application[4] and forwarded it to the Air Force Board for Correction of Military Records [5] for further review. Plaintiff was notified of this action and of the possibility of a denial of his application by the Correction Board without a hearing. On January 6, 1969, the Correction Board notified plaintiff that a review of his record had failed to establish probable error or injustice. Plaintiff replied to the Correction Board's letter and complained of a lack of effective assistance of counsel by the Red Cross and sought copies of his military record. The Correction Board responded by informing plaintiff of the procedures for obtaining a copy of his record and advising him that, upon the showing of new and relevant information, the Correction Board would reconsider his appeal.

On April 22, 1969, plaintiff filed a motion for declaratory judgment in the district court. Proceeding pro se, he alleged that his discharge was ineffective in that it had been coerced and was signed while he was intoxicated, that he had been denied the effective assistance of counsel at his discharge proceedings since his waiver was ineffective, and that the Red Cross had not effectively represented him at the administrative appeals. He sought production of his military record to enable him to file an administrative appeal and general declaratory relief. Plaintiff also requested the appointment of counsel, but this request was denied. After a brief hearing, the district court granted defendant's motion for summary judgment and dismissed the case. Plaintiff appeals this dismissal and alleges additional error in the denial of his request for appointed counsel by the district court.

In the recent case of Ragoni v. United States, 424 F.2d 261 (3rd Cir. 1970), this court analyzed the jurisdictional basis of a case which was similar on its facts to the instant action.[6] In *Ragoni* a seaman sought a declaratory judgment that the Board For The Correction of Naval Records had erroneously refused to change his bad conduct discharge to an honorable discharge. The basis of the action was that battle fatigue had rendered Ragoni incompetent to enter a guilty plea and waive counsel. The court, citing Ashe v. McNamara, 355 F.2d 277 (1st Cir. 1965), noted that the district courts have jurisdiction in an action for mandamus pursuant to 28 U.S.C. § 1361 to review decisions by correction boards. The court then held that the scope of review in mandamus actions was limited to a review of the administrative record to determine if the Correction Board had acted arbitrarily or capriciously. Examining the record, the court found plaintiff's allegations of various symptoms of illness did not constitute a showing of likely incapacity and therefore found that the Correction Board had not acted arbitrarily or capriciously.

Like *Ragoni*, the instant action for declaratory judgment will be treated as a 28 U.S.C. § 1361 action in the nature of mandamus. Plaintiff, proceeding without counsel, has alleged no spe-

4. In view of this statement in plaintiff's application for review, the findings of the Discharge Board on AFHQ Form 0-2077, dated 29 Oct. 1968, appear too brief to comply with the requirements of 32 C.F.R. 865.105(a), requiring "written findings:"
   "I was ordered & forced into signing my discharge for a fraudulent enlistment or else threatened with the Guard House & a Gen CM." "Prior conviction, Constitutional Use: In violation of the landmark case of Gideon v. Wainwright, 372, U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. No Counsel at that conviction."

5. 10 U.S.C. § 1552; 32 C.F.R. 865, subpart A.

6. While *Ragoni* did involve a court martial rather than an administrative discharge as here, this difference has no bearing on the jurisdictional issues as discussed above.

cific jurisdictional basis and, although he does raise federal questions which could serve as a basis for § 1331 jurisdiction, he has failed to allege the requisite $10,000. damages and it does not appear from the pleadings or the records that such an amount is involved.[7]

■ On the basis of the administrative record, we find no arbitrary or capricious action or failure to perform a clear duty which would warrant the issuance of an order under 28 U.S.C. § 1361 in the nature of mandamus. A careful examination of the administrative record indicates that plaintiff did not raise his claim of lack of capacity to sign the request for discharge based on intoxication at his administrative appeals, and we can thus not consider this allegation in a review under § 1361. However, we note that plaintiff has expressed a desire to present new evidence to the Correction Board and that the Board has not only the authority to reconsider his claim on the basis of new evidence of lack of capacity to sign the discharge request,[8] but has twice indicated its willingness to carefully consider new, relevant evidence.[9]

■■ Plaintiff has also alleged that the discharge request was ineffective because he was coerced into signing it. If this claim were meritorious, then it is clear that the discharge itself is void as based on an unconstitutional action and that the Correction Board has a clear duty to vacate the discharge "under other than honorable conditions."[10] However, we find that plaintiff has not established a meritorious claim and therefore hold that the district court did not err in granting summary judgment on this issue. Discharges have been held to

be void where a serviceman has accepted a less than honorable discharge in lieu of a court martial only in those situations where the choice with which he is told he is faced does not exist.[11] Such circumstances are not present in this case. Plaintiff alleges that he was threatened with a general court martial for fraudulent enlistment due to his failure to reveal that he had been detained in a reformatory for a brief period of time during his childhood. Plaintiff admitted the juvenile offenses and an examination of his enlistment papers indicates that he did not reveal them to the Air Force. The enlistment contract provided that "I understand that any false statement made on my enlistment record may be cause for disciplinary action for fraudulent enlistment." It is clear on this record that plaintiff was faced with a legitimate choice between facing a court martial for fraudulent enlistment or accepting the discharge. The existence of the choice negatives any argument of coercion. Plaintiff has failed to establish the invalidity of his discharge request or the ineffectiveness of his waiver of counsel.

■ Plaintiff's remaining contentions involve the alleged lack of counsel at his administrative hearings and before the district court. Plaintiff was represented at the Discharge Review Board by Arthur J. Campbell of the American Red Cross, and copies of correspondence from that Board were forwarded to the Red Cross. He complains of the failure of the Red Cross to file a brief, but even if this is correct, such failure does not necessarily amount to ineffective assistance of counsel.[12] We also find that it was within the discretion

---

7. *See* Richardson v. Sokol, 409 F.2d 3 (3d Cir. 1969).

8. 32 C.F.R. 865.15. *See* Nelson v. Miller, 373 F.2d 474, 479 (3d Cir. 1967).

9. See letter of 24 January 1969 at 4a and letter of March 7, 1969, enclosing DD Form 149.

10. *See* Ashe v. McNamara, 355 F.2d 277 (1st Cir. 1965).

11. Middleton v. United States, 170 Ct.Cl. 36 (1965). *See generally*, Annot., 4 A.L. R.Fed. 343, 368 (1970).

12. We note that 32 C.F.R. § 865.104, governing the applicant's rights at a hearing before the Discharge Board, does not provide a right to counsel but rather contemplates pro se representation or representation by authorized employees of organizations such as the Red Cross. Even

of the district court to deny plaintiff's request for counsel.[13]

For the foregoing reasons, the order of the district court will be affirmed, after the addition of the words "without prejudice" [14] so that it may be clear that plaintiff has the opportunity to present new, relevant evidence to the Correction Board as described above.

if we were to agree with plaintiff's position that the equal protection clause of the Fourteenth Amendment requires representation before the Discharge Board, a failure to submit a brief does not establish ineffective assistance of counsel where an appearance is entered at a hearing involving a primarily factual dispute, and plaintiff does not make part of the record his initial claim to the administrative authorities. As to plaintiff's other allegations of ineffective assistance of counsel by the Red Cross, we find no evidence in the record which is before us to substantiate that claim. We note that defendants have consistently offered plaintiff the opportunity to present new, relevant evidence. See footnote 9.

13. *See* United States ex rel. Manning v. Brierley, 392 F.2d 197, 198 (3d Cir.), cert. denied, 393 U.S. 882, 89 S.Ct. 188, 21 L.Ed.2d 157 (1968).

14. These words should be inserted after the word "granted" in the December 1, 1969, district court order.