Harry NEEL, Robert T. Stevens,
and Mary Louise McDowell,
Plaintiffs,

v.

John R. PIPPY, friends of John Pippy,
Benjamin Ramos, and Paul
Gitnick, Defendants.

Senator Robert C. Jubelirer, President
Pro Tempore, Senate of Pennsylvania,
Amicus Curiae,

Mike Fisher, Attorney General, Commonwealth of Pennsylvania,
Amicus Curiae.

No. 03–CV–302.

United States District Court,
W.D. Pennsylvania.

March 6, 2003.

Bruce E. Dice, Esquire, Craig H. Alexander, ·Esquire, Bruce E. Dice & Associates, Murrysville, PA, for Plaintiffs.

Thomas M. Hardiman, Esquire, Reed Smith LLP, Pittsburgh, PA, for John Pippy and friends of John Pippy.

Leslie A. Miller, General Counsel of Pennsylvania, Gregory E. Dunlap, Deputy General Counsel, Pennsylvania Department of State, Office of Chief Counsel, Harrisburg, PA, for Benjamin Ramos.

Michael L. Harvey, Senior Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Office of the Attorney General, Harrisburg, PA, for Amicus Curiae (Attorney General D. Michael Fisher).

Cliff Levine, Esquire, Thorp Reed & Armstrong, Pittsburgh, PA, for Paul Gitnick.

Linda J. Shorey, Esquire, John P. Krill, Jr., Esquire, Kirkpatrick & Lockhart LLP, Harrisburg, PA, for Amicus Curiae (President pro tempore Jubelirer).

Robert L. Byer, Esquire, Julia M. Glencer, Esquire, Kirkpatrick & Lockhart LLP, Pittsburgh, PA, for Amicus Curiae (President pro tempore Jubelirer).

## MEMORANDUM OPINION

SCHWAB, District Judge.

### I. Background

#### A. The Parties

On March 3, 2003, Plaintiffs Harry Neel, Robert T. Stevens and Mary Louise McDowell, all duly registered voters and electors in Pennsylvania's 37th State Senatorial District ("37th District"), filed a verified complaint, motion for temporary restraining order and preliminary injunction, and brief in support of motion for temporary restraining order and preliminary injunction against defendants John R. Pippy, the Friends of John Pippy, his political campaign committee, Benjamin Ramos, acting Secretary of the Department of State of the Commonwealth of Pennsylvania, and Paul Gitnick, Democratic Party candidate for the 37th District.

#### B. Nature of the Action and Relief Requested

By this action, plaintiffs seek a declaratory judgment that defendant John R. Pippy, Captain in the 99th Regional Support Command Unit of the United States Army Reserves and the Allegheny County Republican Party's candidate for the office of state senator in the 37th District, is prohibited from running for or holding that office while on active duty with his reserve unit. Plaintiffs also seek to enjoin Captain Pippy and the other defendants, the Friends of John Pippy, Benjamin Ramos, and Paul Gitnick from participating in the campaign or proceeding with the special election scheduled for March 11, 2003, by writ of election issued on January 8, 2003, by the President *pro tempore* of the Pennsylvania Senate, Senator Robert C. Jubelirer.

Plaintiffs also request this Court to order that the special election scheduled for March 11, 2003, be cancelled, and that the Court order a new special election to be held at some other time. Plaintiffs describe the "nature of the action" as follows:

10. This case involves a challenge under Title 10 of the United States Code, 10 U.S.C. § 973 which prohibits a reserve officer of an armed force serving on active duty for [a] period in excess of 270 days from holding or exercising civil office in a State or Commonwealth of the United States.

11. Under these circumstances, the Pennsylvania Election Code prohibits such a candidacy.

Verified Complaint, ¶ ¶ 10, 11.

#### C. Federal Question Jurisdiction

Federal question jurisdiction is claimed, predicated on 28 U.S.C. § 1331 ("district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States"), and 28 U.S.C. § 2201, authorizing declaratory judgments in a "case of actual controversy within [the district court's] jurisdiction."

#### D. Scheduling Order

On March 4, 2003, this Court issued a scheduling order directing defendants' responses, plaintiffs' reply thereto, and additionally, directing the parties to address several threshold matters, including: "Whether defendant John R. Pippy's alleged violation of 10 U.S.C. § 973 confers 'arising under' federal question jurisdiction on a federal district court under 28 U.S.C. § 1331 and § 2201?" and "Whether an alleged violation of 10 U.S.C. § 973 creates a private right of action that confers standing on plaintiffs to permit them to seek enforcement of its provisions in federal district court?"

#### E. Amicus Curiae

On March 4, 2003, Senate President *pro tempore* Jubelirer filed a motion to intervene or, alternatively, participate as *ami-*

*cus curiae,* a motion to dismiss attached to the motion to intervene, and memoranda of law in support. On March 5, 2003, Pennsylvania Attorney General Mike Fisher also filed a motion for leave to participate as *amicus curiae.* This Court granted both motions (Senator Jubelirer's only in part) on March 5th and 6th respectively, and permitted these officials to participate as *amicus.*

### F. *Motion to Dismiss*

On March 5, 2003, defendants John R. Pippy and Friends of John Pippy filed a motion to dismiss (Document No. 9) with memorandum of law pursuant, in part, to Fed.R.Civ.P. 12(b)(1) arguing, among other things, that the Court lacks subject matter jurisdiction and that plaintiffs do not have standing to pursue this litigation.

### II. *Decision of the Court*

After careful consideration of plaintiffs' verified complaint, motion for temporary restraining order and preliminary injunction, defendants' responses, plaintiffs' reply, defendants Pippy's and Friends of John Pippy's motion to dismiss, the briefs submitted by the parties, and the briefs submitted by *amicus curiae* in support of and in opposition to the requested relief, as well as those regarding the threshold jurisdictional matters, and following oral argument on March 6, 2003, the Court will dismiss this action for lack of subject matter jurisdiction, for the following reasons:

### A. *No Federal Question Jurisdiction under 28 U.S.C. § 1331*

For purposes of determining this Court's jurisdiction to proceed, the Court will assume *arguendo* that all of the facts averred in plaintiffs' complaint and motion for injunctive and declaratory relief are true, and will give every reasonable inference from those facts to plaintiffs. *Dayhoff, Inc. v. H.J. Heinz Co.,* 86 F.3d 1287, 1302 (3d Cir.1996).

### 1. *No private right of action*

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the United States Supreme Court recognized the "litigation-provoking problem" created by certain language in *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (a removal case relying on federal question jurisdiction under 28 U.S.C. § 1331 and § 1441[1] as the basis for removal), and significantly narrowed, but did not overrule, its reach. *Merrell Dow* noted that *Franchise Tax Board* literally stated that a case might "arise under" federal law where the vindication of a right under state law necessarily turns on some construction of federal law, but observed: "Our actual holding in *Franchise Tax Board* demonstrates that this statement must be read with caution; the central issue presented in that case turned on the meaning of [ERISA], but we nevertheless concluded that federal jurisdiction was lacking." *Merrell Dow,* 478 U.S. at 808–09, 106 S.Ct. 3229.

The Supreme Court summarily rejected the petitioner's argument for "a straightforward application of the statement in *Franchise Tax Board* that federal-question jurisdiction is appropriate when 'it appears that some substantial, disputed

---

**1.** Section 1441(a) provides in part: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the Unit-

ed States have original jurisdiction may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending."

question of federal law is a necessary element of one of the well-pleaded state claims,'" stating:

> *Franchise Tax Board,* however, did not purport to disturb the *long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.* . . .
>
> Far from creating some kind of automatic test, *Franchise Tax Board thus candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction.* Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system. . . . *We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.*

*Merrell Dow,* 478 U.S. at 813–14, 106 S.Ct. 3229 (footnote and parallel citations omitted; emphasis added).

■ Under *Merrell Dow,* "if federal law does not provide a private right of action, then a state law action based on its violation perforce does not raise a substantial federal question sufficient to confer federal question jurisdiction." *Federal Procedure, Lawyers Edition,* Ch. 1, § 398, "Effect of Absence of Private Cause of Action." *See generally* Schwarzer, Tashima and Wagstaff, *Federal Civil Procedure Before Trial,* Ch. 2B, Federal Question Jurisdiction, § 4, "Arising Under" Requirement, at § 2:93 ("Absent a federally-created cause

of action, federal 'arising under' jurisdiction is limited almost exclusively to situations governed by federal common law . . . or in which Congress has federalized the particular subject area."), and § 2:111 ("Not many cases are decided on this ground. Finding a 'substantial federal question' in claims created by state law is rather unusual.").

■ In *Smith v. Industrial Valley Title Ins. Co.,* 957 F.2d 90 (3d Cir.1992), the district court found that plaintiffs' state claims did "arise under" federal law pursuant to the *Franchise Tax Board* line of cases, because those state claims were explicitly predicated on proving a violation of federal law, namely, certain specific provisions of the Internal Revenue Code. 957 F.2d at 91–92. In rejecting the district court's analysis, the United States Court of Appeals for the Third Circuit agreed with the plaintiffs, whose claims had been removed from state court, that "in light of *Merrell Dow,* the district court lacked subject matter jurisdiction because plaintiffs' claims do not 'arise under' federal law." 957 F.2d at 92. The Court of Appeals explained:

> While the Supreme Court has said "a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law'", the Court has indicated that statement "must be read with caution." *Merrell Dow,* 106 S.Ct. at 3232 (*quoting Franchise Tax Board,* 103 S.Ct. at 2846). Thus, the "vast majority" of cases for which original federal question jurisdiction exists "are those in which federal law creates the cause of action." *Merrell Dow,* 106 S.Ct. at 3232. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Id.* at 3234.

*Merrell Dow* posed and answered the following question:

The question presented is whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331.

106 S.Ct. at 3230. *Merrell Dow*'s answer to that question leaves no room to conclude that the district court had federal question jurisdiction over plaintiffs' removed state law causes of action.

\* \* \* \* \* \*

*Following Merrell Dow, we hold that a private federal remedy for violating a federal statute is a prerequisite for finding federal question jurisdiction in this circumstance. The district court did not have subject matter jurisdiction over plaintiffs' removed claims because they are not federal causes of action, and the only issue of federal law presented is whether there have been violations of a federal statute for which Congress did not provide a private federal remedy.* "A federal rule of decision is necessary but not sufficient for federal jurisdiction. There must also be a right of action to enforce that rule." *Dillon v. Combs,* 895 F.2d 1175, 1177 (7th Cir. 1990) (*citing Merrell Dow* ), *cert. denied,* 498 U.S. 1023, 111 S.Ct. 670, 112 L.Ed.2d 663. Once a federal court concludes Congress has decided not to provide a federal remedy for the violation of a particular federal statute, the court is "not free to 'supplement' that decision in a way that makes it 'meaningless.' "

957 F.2d at 93–94 (parallel citations omitted; emphasis added).

In *Touche Ross & Co. v. Redington,* 442 U.S. 560, 575, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979), the United States Supreme Court explained that, while earlier cases had looked to a number of factors to determine whether a federal statute created a private right of action, the "central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action," thereby narrowing the elements of the "private right of action" test announced in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) to the *sine qua non* of Congressional intent. More recently, the United States Supreme Court stated:

Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. "Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals."

*Alexander v. Sandoval,* 532 U.S. 275, 286–87, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (numerous citations omitted).

The party invoking the jurisdiction of the federal courts bears the burden of proving that federal jurisdiction is proper. *Dayhoff,* 86 F.3d at 1302; *North Penn Gas Co. v. Corning Natural Gas Corp.,* 897 F.2d 687, 689 (3d Cir.1990). In determining the existence of subject matter jurisdiction, "threshold inquiries for the Court are whether the federal statutes upon which plaintiffs base their claims create any enforceable rights or duties and, if so, whether they create a private right of action." *Township of Belleville v. Federal Transit Admin.,* 30 F.Supp.2d 782, 786

(D.N.J.1998), *citing National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers*, 414 U.S. 453, 456, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974) and *Student Coalition for Peace v. Lower Merion School*, 776 F.2d 431, 438 (3d Cir.1985).

Plaintiffs herein argue that a section of the Military Code, 10 U.S.C. § 973, provides the federal jurisdictional nexus for their action, which is essentially a state claim involving application of the Pennsylvania Election Code and the Pennsylvania Constitution regarding the election of state senators and other officials. Plaintiffs further argue that the Military Code precludes officers of the armed services, including "a reserve officer of an armed force serving on active duty for a period in excess of 270 days," as Captain Pippy is now serving, from holding or exercising the functions of any elective office. 10 U.S.C. § 973(a), (b)(1)(C) and (2)(A)(i). Additionally, plaintiffs rely on certain regulations of the Department of Defense consistent with and implementing Section 973 (as authorized by 10 U.S.C. § 973(d)).

Neither the statute nor the implementing regulations of the Department of Defense contain any enforcement mechanisms or purport to create a private cause of action. Neither the statute nor the implementing regulations bear any indicia that Congress intended to create a private federal remedy for alleged violations thereof. Plaintiffs have pointed to no legislative history or other authority that would support the argument that Congress intended to create a private federal remedy or cause of action.

Plaintiffs argue that the alleged violation of a federal statute, Section 973 of the Military Code, renders Captain Pippy ineligible to run for office in Pennsylvania.

However, despite their attempt to create federal question jurisdiction merely because this case arguably involves the interpretation of a federal statute, plaintiffs' cause of action is firmly grounded in the Pennsylvania Election Code and the Pennsylvania Constitution which define the qualifications and eligibility of state office holders and seekers, and establish the mechanism for filling vacancies. Because "a private federal remedy for violating a federal statute is a prerequisite for finding federal question jurisdiction," *Smith*, 957 F.2d at 94, this Court must conclude that it has no subject matter jurisdiction over plaintiffs' claims based upon the alleged violation of 10 U.S.C. § 973.[2]

### 2. *Lack of Standing*

■ Further, plaintiffs have no constitutional standing to pursue a federal claim under 10 U.S.C. § 973. An essential element of standing is that plaintiffs suffered an injury in fact to a "legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Anthony v. Council*, 316 F.3d 412, 416 (3d Cir.2003). The foregoing discussion about plaintiffs' lack of a private right of action demonstrates that they do not have a "legally protected interest" created by Section 973 that is necessary to invoke the jurisdiction of the federal courts. *Morrison v. Callaway*, 369 F.Supp. 1160 (D.D.C.1974) (plaintiff had no standing under 10 U.S.C. § 973, either as a citizen or as a taxpayer, to challenge Alexander M. Haig's appointment as Assistant to the President while still Vice Chief of Staff of the Army).

**2.** The Declaratory Judgment Act, 28 U.S.C. § 2201, creates no independent basis for federal jurisdiction, and is limited to those cases which are otherwise within the jurisdiction of the district court. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Ragoni v. United States*, 424 F.2d 261, 264 (3d Cir.1970).

**B.** *No Supplemental Jurisdiction over State Claims under 28 U.S.C. § 1367*

Section 1367 of Title 28 United States Code, provides that "in any civil action of which the district courts have original jurisdiction," the court shall have supplemental jurisdiction over state claims that are sufficiently related to "claims in the action within such original jurisdiction." However, once a federal court dismisses all federal claims for lack of jurisdiction, it must dismiss any supplemental state claims. *Lyon v. Whisman,* 45 F.3d 758, 760 (3d Cir.1995); *Stadler v. McCullouch,* 949 F.Supp. 311, 313 (E.D.Pa.1996). Because the Court has no jurisdiction over plaintiffs' alleged federal claims, their state claims are not "supplementary" to any federal "claims in the action within [the district court's] original jurisdiction." [3]

**C.** *Federal State Comity*

Even where plaintiffs challenge a state election under the Voting Rights Act and other federal civil rights statutes, intervention by a federal court to postpone an election is extra-ordinary relief which is only granted in the most compelling of circumstances. *Garza v. Dallas Independent School Dist.,* 2001 WL 492384 (N.D.Tex.2001), *citing Chisom v. Roemer,* 853 F.2d 1186, 1189 (5th Cir.1988). As the United States Court of Appeals for the Fifth Circuit observed in *Chisom,* "intervention by the federal courts in state elections has always been a serious business ..., not lightly to be engaged in." 853 F.2d at 1189 (citation omitted). Federal courts are particularly loathe to intervene in state elections where the action to enjoin the election is filed within weeks or even months of the scheduled election, let alone eight days before the election, as in this case. *Banks v. Bd. of Educ. of the City of Peoria,* 659 F.Supp. 394 (C.D.Ill. 1987) (collecting cases).

Moreover, as the United States Supreme Court stated in *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 174, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997), federal district courts "may be obligated not to decide state law claims" where one of the abstention doctrines articulated by the Court applies, because those doctrines "embody the general notion that 'federal courts may decline to exercise their jurisdiction, in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest, for example where abstention is warranted by considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration.' "

Although this Court need not and does not resolve the issue of whether application of the *Burford* or some other abstention doctrine might be appropriate, *see* note 1, *supra,* nevertheless, this case presents exceptional circumstances and sensitive matters of federal-state relations in areas peculiarly appropriate for resolution by the Commonwealth of Pennsylvania's duly elected legislators and appointed officials, and, if necessary, its state courts— areas which federal courts must cautiously approach and rarely enter.

**III.** *Conclusion*

Captain Pippy has chosen to serve his country as an officer in the United States Army Reserves, and in that capacity, his status and obligations are defined by the Military Code and the United States Department of Defense. Captain Pippy also

---

**3.** In any event, even if the Court retained the authority to exercise supplemental jurisdiction over the remaining state claims, it would decline to exercise its discretion under 28 U.S.C. § 1367(c)(2)(3) and (4), for all of the reasons set forth in this Memorandum Opinion.

has chosen to serve the citizens of Pennsylvania by entering the special election for state senate scheduled for March 11, 2003, and in that capacity, his status and obligations are defined by the Pennsylvania Election Code, the Pennsylvania Constitution and the State Senate. It is not for the federal courts to declare which of these choices, if either, Captain Pippy must forego.

For the foregoing reasons, this Court will grant defendants John R. Pippy's and Friends of John Pippy's Motion to Dismiss this suit, and will enter an Order dismissing this action with prejudice.

### ORDER OF COURT

**AND NOW, this 6th day of March, 2003, IT IS HEREBY ORDERED** that defendants John R. Pippy's and Friends of John Pippy's Motion to Dismiss (Document No. 9) is **GRANTED. IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice.**